UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIE GRANT<br><br>　　　　Plaintiff,<br><br>v.<br><br>LORIG ASSOCIATES L.L.C.<br><br>　　　　Defendant. | No.<br><br><br><br>COMPLAINT |

Plaintiff, Julie Grant ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues LORIG ASSOCIATES L.L.C. , for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and Chapter

COMPLAINT- 1

Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251, Birmingham, Alabama 35216
(205) 822-2701

49.60 of the Revised Code of Washington and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief and damages pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.*, (hereinafter referred to as the "ADA") and Chapter 49.60 of the Revised Code of Washington. This Court is vested with original jurisdiction under 28 U.S.C. §§1331 and 1343.

2. Venue is proper in this Court, the Western District of Washington, pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Western District of Washington.

3. Plaintiff, Julie Grant (hereinafter referred to as "Grant") is a resident of the State of Washington and is a qualified individual with a disability under the ADA. Grant suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA"), Chapter 49.60 of the Revised Code of Washington and all other applicable Federal statutes and regulations to the extent that she has a spinal cord injury and requires a wheelchair for mobility. Prior to instituting the instant action, Grant visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA. Grant continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, LORIG ASSOCIATES LLC, is a Company registered to do business and, in fact, is conducting business in the State of Washington. Upon information and belief, LORIG

COMPLAINT- 2

Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251, Birmingham, Alabama 35216
(205) 822-2701

ASSOCIATES LLC, (hereinafter referred to as "Lorig ") is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically the Wallingford Center located at 24 A Street SE in Seattle, Washington (hereinafter referred to as the "Shopping Center ").

5. All events giving rise to this lawsuit occurred in the Western District of Washington.

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Shopping Center owned by LORIG is a place of public accommodation in that it is a retail shopping center operated by a private entity that provides goods and services to the public.

8. Defendant has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Shopping Center in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Shopping Center owned by LORIG. Prior to the filing of this lawsuit, Plaintiff visited the Shopping Center at issue in this lawsuit and was denied access

COMPLAINT- 3

to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers to access listed in Paragraph 11, below that she personally encountered. In addition, Plaintiff continues to desire and intends to visit the Shopping Center, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access which remain at the Shopping Center in violation of the ADA. Grant has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. LORIG is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.*, and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i. An insufficient number of accessible parking spaces are provided;;

   ii. One accessible parking space provided has an adjacent access aisle that is too narrow for a wheelchair user;

   iii. No van accessible parking spaces are provided

   iv. The accessible parking space provided is not on the closest accessible route to the accessible entrance;

COMPLAINT- 4

Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251, Birmingham, Alabama 35216
(205) 822-2701

v. Exterior routes contain excessively steep ramps and lack compliant handrails on both sides of each ramp;

vi. The wheelchair accessible door on the west side of the building is too heavy for a wheelchair user and it does not have a power button;

vii. The public toilet rooms near Chutney's restaurant contain the following barriers to wheelchair users in the women's toilet rooms:

    a. The coat hook is too high and out of reach of a wheelchair user;

    b. The toilet paper dispenser is mounted on the far wall and is out of reach of a wheelchair user;

    c. The flush valve faces the narrow side of the toilet stall and is out of reach of a wheelchair user;

    d. The sanitary toilet seat covers are mounted behind the water closet and are out of reach of a wheelchair user;

    e. There is insufficient knee and toe clearance for a wheelchair user to use the lavatory.

viii. The men's toilet room contains the following barriers:

    a. The toilet paper dispenser is mounted on the far wall and is out of reach of a wheelchair user.

    b. The coat hook is too high and out of reach of a wheelchair user.

COMPLAINT- 5

Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251, Birmingham, Alabama 35216
(205) 822-2701

ix. The exterior tables at Chutney lack sufficient knee and toe clearance for a wheelchair user;

12. There are other current barriers to access and violations of the ADA at the Shopping Center owned and operated by LORIG that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, LORIG was required to make its Shopping Center, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, LORIG has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

WHEREFORE, the Plaintiff demands judgment against LORIG, and requests the following injunctive and declaratory relief:

COMPLAINT- 6

A. That the Court declare that the property owned and administered by Defendant is violative of the ADA;

B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

## COUNT II - VIOLATION OF WASHINGTON LAW AGAINST DISCRIMINATION

18. Plaintiff realleges and reavers Paragraphs 1-5 contained herein.

19. Chapter 49.60 of the Revised Code of Washington is known as the "law against discrimination." Section 49.60.010 provides that it is an exercise of the police power of the state for the protection of the public welfare, health, and peace of the people of this state, and in fulfillment of the provisions of the Constitution of this state concerning civil rights. Through this section, the

COMPLAINT- 7

legislature found and declared that practices of discrimination against any of its inhabitants because of … the presence of any sensory, mental, or physical disability or the use of a trained dog guide or service animal by a disabled person is a matter of state concern and that such discrimination threatens not only the rights and proper privileges of its inhabitants but menaces the institutions and foundation of a free democratic state.

20. Section 49.60.215 of the Revised Code of Washington makes it an unfair practice for any person or the person's agent or employee to commit an act which directly or indirectly results in any distinction, restriction, or discrimination, or the requiring of any person to pay a larger sum than the uniform rates charged other persons, or the refusing or withholding from any person the admission, patronage, custom, presence, frequenting, dwelling, staying, or lodging in any place of public resort, accommodation, assemblage, or amusement, except for conditions and limitations established by law and applicable to all persons, regardless of …..the presence of any sensory, mental, or physical disability, or the use of a trained dog guide or service animal by a disabled person.

21. Section 49.60.030 provides that any person deeming himself or herself injured by any act in violation of this chapter (49.60) shall have a civil action in a court of competent jurisdiction to enjoin further violations, or to recover the actual damages sustained by the person, or both, together with the cost of suit including reasonable attorneys' fees or any other appropriate remedy authorized by this chapter.

22. Pursuant to Section 9.91.010(d) of the Revised Code of Washington, the

COMPLAINT- 8

establishment owned by LORIG is a place of public accommodation in that it is a Shopping Center which provides goods and services to the public.

23. LORIG has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Shopping Center in derogation of the Revised Code of Washington §49.60 *et seq*.

24. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Shopping Center. Prior to filing of this lawsuit, Plaintiff visited the Shopping Center and was denied access to the benefits, accommodations and services of the Defendant's goods and services and therefore were damaged and suffered an injury in fact. In addition, Plaintiff continues to desire to visit the Shopping Center, but continues to be damaged and injured in that she is unable to and continues to be discriminated against due to the architectural barriers which remain at the Shopping Center in violation of the ADA and the Revised Code of Washington §49.60 *et seq*.

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

    A. That the Court declare that the property owned and administered by Defendant is violative of the Revised Code of Washington §49.60 *et seq.*;

    B. That the Court enter an Order directing Defendant to alter its facility to

COMPLAINT- 9

Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251, Birmingham, Alabama 35216
(205) 822-2701

|   |   |   |
|---|---|---|
| | | make it accessible to and useable by individuals with disabilities to the full extent required by the Revised Code of Washington §49.60 *et seq.*; |
| | C. | That the Court enter an Order directing def to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures; |
| | D. | That the Court award damages, reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and |
| | E. | That the Court award such other and further relief as it deems necessary, just and proper. |

Dated this 11th day of MARCH, 2016.

Respectfully submitted,

By: /s/ Bridget Bourgette Shaw
Bridget Bourgette Shaw, Esq.
WSBA 28850
Shaw Law Group, PLLC
1818 Westlake Avenue, Suite 308
Seattle, WA 98109
Telephone: (206) 623-1225
Facsimile: (206) 283-0923
Email: bridget@shawlawgrouppllc.com

By: /s/ Michael A. Chester
Michael A. Chester, Esq.
Alabama Bar No. ASB-3904-L74C
Schwartz Roller & Zwilling
Attorneys for Plaintiff
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216

COMPLAINT- 10

Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251, Birmingham, Alabama 35216
(205) 822-2701

Telephone:  (205) 822-2701
Facsimile:  (205) 822-2702
Email: mchester@szalaw.com

COMPLAINT- 11

Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251, Birmingham, Alabama 35216
(205) 822-2701